UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

M.R., *individually and on behalf of G.V., a child with a disability*,

                                        Plaintiff,

-v-

N.Y.C. DEPARTMENT OF EDUCATION,

                                        Defendant.

24 Civ. 2193 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On June 7, 2024, after securing a Clerk's Certificate of Default, Dkt. 13, plaintiff moved for default judgment against defendant, Dkt. 15. On June 14, 2024, counsel for defendant filed a notice of appearance, Dkt. 21, and on June 24, 2024, filed a memorandum of law in opposition to plaintiff's motion for default judgment, Dkt. 23 ("Def. Br."), along with a declaration by Jeffrey S. Dantowitz, deputy chief of general litigation in the Office of the Corporation Counsel, Dkt. 22 ("Dantowitz Decl.").

The Court denies plaintiff's motion. Under the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). In determining whether "good cause" exists, the Court considers three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). These criteria must be applied in light of the Second Circuit's strong "preference for resolving disputes on the merits." *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *see also Meehan*, 652 F.2d at 277 ("Defaults are not favored . . . and doubts are to be resolved in favor of a trial on the merits."

(citation omitted)). Here, defendant's counsel represents that the default was not willful, and was instead the result of Dantowitz's "careless" failure to assign the case to an attorney within the Office of Corporation Counsel. Def. Br. at 3; *see also* Dantowitz Decl. ¶¶ 5–9. Given that this case was brought very recently (in March 2024), and that defendant has only been in default for a short period of time (since late May 2024), plaintiff will not suffer undue prejudice from setting aside defendant's default. *Cf. Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) ("almost impossible to establish" prejudice where defendant files "an appearance with the Court less than one month after" plaintiff files for default judgment). And defendant may have a meritorious defense as to plaintiff's counsel's rates and hours. *See* Dantowitz Decl. ¶¶ 13–15 (arguing that plaintiff's counsel's rates "are arguably too high" and the time "expended [is] potentially excessive"). As such, the Court finds good cause exists for setting aside the entry of default against defendant.

The Court thus denies plaintiff's motion for default judgment and respectfully directs the Clerk of Court to vacate the Certificate of Default entered at Docket 13. The Court grants defendant's requested extension of 90 days (*i.e.*, to September 23, 2024) to answer or otherwise move in response to plaintiff's Complaint. If the parties are unable to reach a settlement by September 23, 2024, the parties are directed to jointly propose a schedule for briefing an anticipated motion for attorneys' fees and costs.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 25, 2024
       New York, New York

2